United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RICHARDS,<br><br>        Plaintiff,<br><br>   v.<br><br>CENTRIPETAL NETWORKS, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-00145-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 4, 27 |

Pending before the Court are Defendant Centripetal Networks, Inc.'s administrative motions to file under seal.  *See* Dkt. Nos. 4, 27.  For the reasons detailed below, the Court **DENIES** the motions.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'

1   such as the use of records to gratify private spite, promote public scandal, circulate libelous

2   statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

3   U.S. 589, 598 (1978)).

4   However, documents attached to non-dispositive motions are not subject to the same

5   strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only

6   tangentially related, to the underlying cause of action," parties moving to seal must meet the lower

7   "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations

8   omitted). This requires only a "particularized showing" that "specific prejudice or harm will

9   result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

10  F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm,

11  unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus.,*

12  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

## II. DISCUSSION

14  Here, Defendant seeks to file under seal portions of the initial and first amended

15  complaints and incorporated exhibits. Dkt. Nos. 4, 27. Because the complaint is the pleading on

16  which this action is based, the Court applies the "compelling reasons" standard to these motions.

17  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2

18  (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions

19  of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL

20  1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by

21  which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and

22  must be disposed of."). As the Civil Local Rules make clear, "[o]nly in rare circumstances should

23  a party seek to file portions of a pleading or brief under seal." *See* Civil L.R. 79-5(e).

24  As to Defendant's motion to seal portions of the initial complaint, *see* Dkt. No. 4, the

25  Court did not rely on that pleading because Plaintiff Albert Richards filed an amended complaint.

26  Thus, the initial complaint is less significant to the public's understanding of the judicial

27  proceedings in this case. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL

28  12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is

United States District Court
Northern District of California

even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification.").  In any event, the reasons that Defendant seeks to seal portions of the initial complaint are the same as its reasons for sealing portions of the first amended complaint.  *Compare* Dkt. No. 4, *with* Dkt. No. 31.  The Court therefore addresses those arguments below.

Defendant argues that the documents and excerpts it seeks to seal "contain confidential and sensitive information of a non-public company" that "competitors could use . . . to replicate the company's business practices."  *See* Dkt. No. 31 at ¶ 6.  Specifically, these documents contain some of Centripetal's investor reports, capitalization and financial information, and a settlement agreement with Plaintiff.  *Id.* at ¶ 5.  The Court finds that Defendant's generic explanation is insufficient to warrant sealing, particularly here, where many of the allegations contained in the proposed redactions are critical  to Plaintiff's claims in this case.  At bottom, Plaintiff contends that Defendant made numerous misstatements and failed to disclose key information related to his investment in Centripetal.  Defendant seeks to seal some of these alleged misrepresentations.  The "interest in ensuring the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 at 1179, is thus not served if the basis for Plaintiff's claims is redacted from the complaint.  Moreover, documents like investor reports by their nature were at least somewhat widely shared, and the fact that the parties to the settlement agreement designated it "confidential" does not establish that the very high *Kamakana* standard for sealing has been met.  Accordingly, the Court **DENIES** the administrative motions to seal.

### III.   CONCLUSION

The Court **DENIES** the administrative motions to file under seal.  Dkt. Nos. 4, 27.  The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days of this order.

**IT IS SO ORDERED.**

Dated:  4/20/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge