UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>CENTRIPETAL NETWORKS, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00145-HSG<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. No. 99 |

Pending before the Court is Plaintiff's "administrative motion to permit limited discovery." The Court **DENIES** the motion.

I.  **BACKGROUND**

   A.  **Procedural History**

This case commenced on December 9, 2022 in California Superior Court and was removed to this Court on January 11, 2023. Dkt. No. 1. On January 30, 2024, the parties filed their Joint Case Management Statement. Dkt. No. 54. In this filing, Plaintiff stated that "it is necessary to pursue discovery immediately," while Defendants stated that discovery should be stayed pending their anticipated motion to dismiss. *Id.* at 9. During the February 6, 2024 Initial Case Management Conference, the Court noted that discovery would not automatically be stayed and said that "the Court will consider any motion to stay discovery . . . once [it is] actually filed." Dkt. No. 56. The Court also directed the parties to file a stipulation "setting a case schedule with a March 2025 trial date[.]" *Id.* On February 13, 2024, the parties proposed a case schedule setting, among other deadlines, a fact discovery cutoff of July 22, 2024. Dkt. No. 58. On February 16, 2024, the Court entered a schedule adopting this fact discovery deadline. Dkt. No. 61.

On February 27, 2024, Defendants filed motions to dismiss the Second Amended

Complaint along with a motion to stay discovery pending the Court's decision on the motions to dismiss. Dkt. Nos. 63–65. On May 8, 2024, the Court granted in part and denied in part the motions to dismiss and denied the motion to stay discovery. Dkt No 59.

### B. Administrative Motion to Extend Discovery Cutoff

On July 9, 2024, thirteen days before the close of fact discovery, Plaintiff moved to extend the discovery cutoff and related dates under Federal Rule of Civil Procedural 16(b). Dkt No. 89. Plaintiff contended that he believed that a *de facto* stay of discovery started when Defendants filed the motion to stay on February 27, 2024 and continued until the Court denied the motion on May 8, 2024. This *de facto* stay, Plaintiff argued, established good cause to extend the deadline. In further support, Plaintiff stated in his brief that he "immediately sought discovery" after the Court entered the scheduling order on February 16, 2024 but that defendants "stonewalled," *see id.* at 1, 3. These assertions are not contained in counsel's sworn declaration.[1] In any event, Plaintiff's apparent misunderstanding did not excuse his lack of diligence leading up to the motion.

First, the record reflected that Plaintiff did not conduct substantive discovery before the pendency of the motions to dismiss and stay, during the pendency of those motions, or after the Court decided those motions. Although Plaintiff served discovery on May 14, 2024, Plaintiff did not serve a single deposition notice or a single timely third-party subpoena in this period. *See* Dkt. No 91-1 ¶¶ 3, 11 ("Wagner Decl.").

Second, Plaintiff flouted the Court's schedule prior to filing the motion to extend discovery. On June 13, 2024, Defendant noticed Plaintiff's deposition for July 10, 2024. But on July 9, 2024—less than two weeks before the discovery cutoff—Plaintiff maintained that he would not appear for an in-person deposition until September, "after the conclusion of his summer travel." Dkt. 89-1 ¶ 7 ("Walczak Decl."). Plaintiff's willful disregard of the Court's schedule seriously undermined his current assertion of diligence. *See Curtis v. Illumination Arts, Inc.*, 2013

---

[1] The Court also notes that in his March 22, 2024 opposition to Defendants' stay motion, Plaintiff indicated that he "intends to serve discovery soon." Dkt. No. 71 at 5. Though the Court will not parse the meaning of "soon" in this context to Plaintiff's detriment, the record before the Court did not suggest that Plaintiff's impression of such a "*de facto* stay" was reasonable.

WL 6173799, at *15 (W.D. Wash. Nov. 21, 2013) ("Defendants' travel schedule is no excuse for failure…to comply with the court's discovery orders….").

Third, Plaintiff provided no explanation for his failure to seek an extension promptly after the Court denied the motion to stay discovery on May 8, 2024. Plaintiff's counsel stated that he believed Defendants were amenable to an extension, *see* Walczak Decl. ¶ 6, but Defendants maintained that they made no such representation, *see* Wagner Decl. ¶ 9. The record reflected that Plaintiff requested an extension on June 28, 2024. *See* Walczak Decl., Ex. A at 11. This request came over seven weeks after the Court denied the motion to stay, and only a few weeks before the scheduled discovery cutoff. And even if Defendants had explicitly and adamantly refused to extend the schedule as of May 8, 2024, Plaintiff was not justified in waiting until so close to the discovery cutoff to present the alleged impasse to the Court.

Accordingly, the Court denied the motion. Dkt. No. 95; *see Raymat Materials, Inc. v. A & C Catalysts, Inc.*, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (denying motion to extend discovery for failure to demonstrate good cause, noting that a moving party "will not be rewarded for its own procrastination"). Although Plaintiff had not made the required showing of diligence under Rule 16, the Court directed the parties to meet and confer and file (if they could agree) a stipulation and proposed order setting a revised case schedule that did not impact the dispositive motion hearing date, the pretrial conference date, or the trial date. Dkt. No. 95.

## II. DISCUSSION

On July 30, 2024, Plaintiff filed this motion under Local Rule 7-11 and Rule 16(b).[2] Dkt. No 99. Plaintiff provides a proposed schedule that reopens fact discovery for sixty days, with fact discovery closing on October 6, 2024.[3]

---

[2] Defendants argue that Plaintiff's motion is a disguised motion for reconsideration of this Court's July 18 ruling that violates Local Rule 7-9. Even if considered a Rule 16(b) motion to extend or re-open discovery, the motion fails for the same reason as his prior motion.

[3] Plaintiff also indicates that the parties reached agreement on a date for Plaintiff's deposition, a range of dates for Defendant Jonathan Rogers's deposition, and a target date for Plaintiff's document production. Dkt. No. 99-1, Ex. A.

Defendants object to the proposal as highly prejudicial. Defendants emphasize that the schedule severely impacts expert discovery by shortening their window to submit rebuttal reports from seven weeks to two, shortening the expert deposition period from a month to a week, and allowing only one week for the filing of *Daubert* motions. Defendants also contend that Plaintiff seeks expansive and burdensome discovery, including substantial paper discovery and numerous depositions and third-party subpoenas.

Defendants also point to Plaintiff's continuing lack of diligence. Defendants contend that since the Court's July 18, 2024 ruling denying the motion to extend discovery, Plaintiff has not produced a single document or served a single timely deposition notice or subpoena. Dkt. No. 102-1 ¶ 2.[4]

Though Plaintiff's proposed discovery extension does not impact the dispositive motion hearing date, the pretrial conference date, or the trial date, it does so only by severely shortchanging Defendants' expert discovery timeline. Given this obvious problem, the Court will not undertake the effort of trying to improvise its own adjustments to Plaintiff's schedule that would allow for a workable expert discovery timeline. For example, cutting the fact discovery period from sixty days to thirty days to allow more time for expert discovery would burden Defendants with highly condensed and burdensome fact discovery obligations. Because any conceivable discovery extension that could still accommodate the Court's schedule would severely prejudice Defendants, the Court denies the motion.

Plaintiff complains that he has not yet taken sufficient discovery. But the Court notes that it adopted the parties' stipulated discovery period, which Plaintiff proceeded to ignore. Indeed, he did not appear to think that the discovery deadline applied to him at all, going so far as to unilaterally schedule his own deposition for well after the deadline to accommodate his summer travels. Plaintiff provides no excuse for his failure to conduct substantive discovery before, during, or after the "*de facto* stay." He provides no excuse for his failure to confer with

---

[4] Plaintiff's motion indicated that he would produce documents "by the week of August 5." (Dkt. 99-2 at 8). The Court does not know whether this production happened as scheduled, since Defendants filed their opposition on August 5.

4

Defendants about an extension shortly after the stay was denied, and provides no excuse for his failure to move the Court for such an extension within a reasonable time. Even weeks after the deadline, Plaintiff's discovery efforts have hardly progressed. The Court will not reward Plaintiff's lack of diligence and apparent disregard of the Court's orders with an extension that would severely prejudice Defendants or otherwise burden the Court.

### III. CONCLUSION

The Court **DENIES** the motion. The Court will permit Defendants to conduct the scheduled deposition of Plaintiff. In turn, the Court will permit Plaintiff to conduct the depositions of the witnesses Defendants have agreed to produce voluntarily. Dkt. 102 at 2-3. All of these depositions must be completed by September 6, 2024.

**IT IS SO ORDERED.**

Dated: 8/15/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge