UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALBERT RICHARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRIPETAL NETWORKS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00145-HSG (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 108, 113, 116 |

　　　　Now pending before the court are a series of discovery disputes (essentially, numerous requests to compel discovery by Plaintiff) set forth in multiple jointly-filed letter briefs (*see* dkts. 108, 113, 116). The first two letter briefs (dkts. 108, 113) are essentially the same document that was filed twice. The court heard from the Parties as to their disputes on September 17, 2024 (*see* dkt. 115), at which time the Parties were directed to meet and confer further such as to narrow or reduce their disputes. Thereafter, the Parties filed another jointly-filed letter brief (dkt. 116) reflecting a minor narrowing of their previous disputes, while adding ten new disputes. The court heard from the Parties again at a second discovery hearing on October 2, 2024.

　　　　As to the newly-formulated 10 categories of information that Plaintiff seeks to compel (*see* dkt. 116 at 2-3), those requests are all **DENIED**. Plaintiff contends that these issues arose as a result of the out-time depositions that he was permitted to conduct. *Id*. at 2. Judge Gilliam permitted Plaintiff's deposition to be taken out-of-time in order to accommodate his summer travel, and also adjusted the schedule for the deposition of Defendants' voluntarily-produced witnesses to accommodate Plaintiff. However, nothing in that accommodation permitted Plaintiff to extend discovery to include the newly-presented 10 categories of discovery sought. Indeed, to

1  permit this discovery would undermine Judge Gilliam's denial.

2      As to the restatement of the previously-sought discovery (*see id*. at 1-2), Plaintiff has
3  arranged those into a bulleted list of 8 items. As to Items 4, 7, and 8 on that list (which deal with
4  requests that were numbered differently in the previous letter briefs – to wit, these items were
5  previously referred to as "Joint Letter Category Nos. 14, 15, and 19, and [] Interrogatory Response
6  No. 3"), Plaintiff reports that "Centripetal has agreed to produce documents to resolve Joint Letter
7  Category Nos. 14, 15, and 19, and revise Interrogatory Response No. 3, Plaintiff nonetheless
8  requests they still be included in the order to ensure a proper resolution." *Id*. at 3. As to these,
9  Defendants reported that this production is partially completed, and that the search for, and
10 production, of the remaining information will be completed by October 11, 2024. Thus, to the
11 extent stated on the record, Plaintiff's request for an order memorializing Defendants' agreement
12 to produce the materials encompassed by Items 4, 7, and 8, is **GRANTED**. Defendants shall
13 search for and produce the information yielded by that search by October 11, 2024.

14     As to Items 1-3, and 5-6, the court will note that Defendants have previously produced
15 information and documents related to these categories, but Plaintiff is unhappy with that
16 production and now seeks more without any adequate explanation as to why he was unable to seek
17 that expanded scope of production earlier. Further, in light of Judge Gilliam's rulings on the
18 motions to dismiss (*see* dkts. 50, 79) the court found Plaintiff's arguments as to relevance and
19 proportionality for this material to be unpersuasive. As to these documents, Plaintiff stated several
20 times at the hearing on October 2, 2024, that the better course of action would be to allow for out-
21 of-time and additional discovery so that Judge Gilliam could later determine what is, or is not,
22 relevant. Plaintiff's argument to this effect was unpersuasive because it misapprehends a movant's
23 burdens in presenting a motion to compel. *See Apple Inc. v. Samsung Electronics Co.*, Case No.
24 12-CV-0630-LHK (PSG), 2013 U.S. Dist. LEXIS 91450, 2013 WL 3246094, at *21 n.84 (N.D.
25 Cal. 2013) ("In this district, the party moving to compel has the burden of showing relevance.");
26 *see also Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[I]n general the party
27 seeking to compel discovery bears the burden of showing that his request satisfies the relevance
28 requirement of Rule 26."). Additionally, in order to succeed on a motion to compel, a moving

party bears the burden to show that it has satisfied proportionality and other requirements of Rule 26, and courts are required to limit discovery if its burden or expense outweighs its likely benefit; this is "the essence of proportionality," a frequently ignored or overlooked discovery principle. *See e.g., Om Recs., LLC v. OM Developpement, SAS*, 2024 U.S. Dist. LEXIS 160866, *10 (N.D. Cal. Sept. 6, 2024).

Accordingly, as stated on the record, regarding Items 1-3 and 5-6, Plaintiff's request to compel this information is **DENIED** because Plaintiff failed to make a sufficient showing as to timeliness in presenting these requests; because Plaintiff failed to make a sufficient showing as to relevance (particularly in light of Judge Gilliam's prior rulings as to a number of issues underling some of the requests) and as to proportionality.

**IT IS SO ORDERED.**

Dated: October 2, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

3