UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RICHARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRIPETAL NETWORKS, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00145-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 127 |

Pending before the Court is an administrative motion to seal materials that Plaintiff filed in opposition to Defendants' motion for summary judgment. Dkt. No. 127. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6  The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal "must explore all reasonable alternatives to filing documents
12 under seal, minimize the number of documents filed under seal, and avoid wherever possible
13 sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
14 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15 alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

16 Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24 **II.    DISCUSSION**

25 At Defendants' request and consistent with Civil L.R. 79-5(f), Plaintiff filed a motion to
26 consider whether another party's material should be sealed. Dkt. No. 127. The motion addresses
27 two exhibits that Plaintiff filed in opposition to Defendants' motion for summary judgment,
28 Exhibits 41 and 77 to the Declaration of Mark L. Hejinian, as well as references to those exhibits

in Plaintiff's opposition papers. *Id.* When Defendants produced Exhibits 41 and 77 to Plaintiff in discovery, they were designated as "Confidential." *See id.* at 2. Defendants state that Exhibits 41 and 77 contain "highly sensitive and competitive financial information concerning Centripetal, including non-public investor information and compensation information." *See* Dkt. No. 134 at 1. Because Plaintiff filed these documents in opposition to the motion for summary judgment, the Court applies the compelling reasons standard.

Exhibit 41. Exhibit 41 is a spreadsheet, reflecting Centripetal's internal tracking of its outstanding shares. In addition to information such as the quantity of shares issued and the price per share, Exhibit 41 includes the identity of and contact information for Centripetal's shareholders. Defendants argue that disclosing this information "would have a chilling effect on Centripetal's ability to raise new capital and attract institutional investors" because investors "expect their confidentiality to be preserved . . . ." *See id.* at 2. The spreadsheet also indicates whether any of the shareholders are Centripetal employees. Defendants explain that "[a] primary means of compensation for Centripetal's employees is in the form of confidential and non-public stock options." *See id.* at 3. Defendants urge that disclosing these compensation arrangements would therefore "harm Centripetal's talent retention, allowing competitors and recruiters to have insight into Centripetal's compensation structure and poach talent." *Id.*

Exhibit 77. Exhibit 77 is an email exchange between Plaintiff and Defendant Jonathan Rogers, which includes a 2020 capitalization table. Defendants contend that the capitalization table "helps Centripetal maintain the calculation of its market value," and "any public disclosure of this information would allow competitors to extrapolate information that it can use to understand Centripetal's market value even today." *See id.*

The Court agrees that Exhibit 41 contains sensitive financial information of non-party investors. Such detail, particularly the identities and contact information of individual investors is unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of this document is minimal. However, Exhibits 41 and 77 also contain Centripetal financial information that is essential to Plaintiff's remaining breach of contract and fraud claims. At bottom, Plaintiff contends that Centripetal failed to notify him when the

company issued certain equity securities. Plaintiff cites the 2020 capitalization table, and the information contained within it, as the "red flag" that alerted him that Defendants may have failed to comply with their contractual obligations to provide notice of specific triggering events under his Convertible Promissory Notes. *See* Dkt. No. 128-2. The "interest in ensuring the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 at 1179, is thus not served if the basis for Plaintiff's claims is redacted. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion to seal.

The Court **GRANTS IN PART** the administrative motion to seal Exhibit 41. The Court finds that the portions of Exhibit 41 that identify specific investors divulge sensitive information unrelated to the public's understanding of the judicial proceedings in this action and the Court finds that there are compelling reasons to file such information under seal. This includes the information in the columns in Exhibit 41 for "Certificate ID"; "Shareholder"; "Holder Type"; "Email"; and "Relationship." The Court further finds that references to the specific investor identities contained in Exhibit 41, including the two sentences in Plaintiff's opposition brief, are properly sealed. *See* Dkt. No. 128 at 13. Defendants have not presented compelling reasons to seal the rest of the information contained in Exhibit 41 or to seal Exhibit 77, and any other portions of Plaintiff's materials citing to these Exhibits. The Court therefore **DENIES** the remainder of the motion to seal.

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion to file under seal. Dkt. No. 127. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal. However, the Court **DIRECTS** the parties to meet and confer and file public versions and revised redactions as needed of all documents for which the proposed sealing has been denied within seven days of this order.

**IT IS SO ORDERED.**

Dated:   1/27/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge